# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Ro'Kristian Broadnax Hill,

       Plaintiff,              Civil Action No. 11-10333

       vs.                       District Judge Arthur J. Tarnow

Deputy Hoisington,         Magistrate Judge Mona K. Majzoub
and the County of Oakland

       Defendants.
_____/

## ORDER

Plaintiff Ro'Christian Broadnax Hill has filed this 42 U.S.C. § 1983 action against Deputy Hoisington and Oakland County, alleging that Deputy Hoisington beat him while the Oakland Country Sheriff Department was detaining him. Plaintiff also alleges a 42 U.S.C. § 1983 *Monell* claim for Oakland County's supposed failure to train its officers in the use of force. Plaintiff attaches a state assault and battery claim to his excessive force claim against Deputy Hoisington.

Before the Court are Defendants' motion to exclude the expert testimony of Francis Murphy and alleged expert testimony of Dr. Christine Lepoudre and Defendants' motion for discovery sanctions.[1] (Dkt. 32, 67.) The Court has been referred these motions for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 33, 72.) The Court has reviewed the pleadings, dispenses with a

---

[1] Both Defendants' motion to exclude and motion for sanctions touches upon Francis R. Murphy's testimony. Because the Court excludes Francis R. Murphy's testimony in the first order, the Court does not need to address whether Plaintiff's response to Defendants' interrogatories related to Murphy are deficient.

1

hearing, and issues this order.[2]

**I.    Background**

On May 18, 2011 Judge Cox entered a scheduling order. (Dkt. 10.) That order required the parties to list all witnesses, including experts, by September 16, 2011. (*Id.*) That order further required the parties to complete discovery by November 17, 2011. (*Id.*)

On November 10, 2011 Plaintiff filed a motion to extend the scheduling order's dates. (Dkt. 23.) On November 23, 2011 Judge Cox held a hearing on Plaintiff's motion. (Dkt. 51.) Judge Cox adamantly denied Plaintiff's motion. Judge Cox cited Plaintiff's counsel's failure to conduct timely discovery and noted that Plaintiff noticed nine depositions roughly a week before the close of discovery. (*Id.* at 11.) The Court found the noticing "ridiculous." (*Id.*)

Before the hearing, on November 18, 2011, Defendants filed their motion to strike the expert testimony of Francis Murphy and Dr. Lepoudre. (Dkt. 32.)

**II.   Defendants' motion to exclude testimony**

   **A.    Witness disclosure standard**

"Under Rule 26(a)(2), 'a party must disclose to the other parties the identity of any witness it may use at trial' 'to provide expert testimony and provide an expert report (if the witness is specially retained for litigation) or disclose the witness' opinions with supporting facts (if the witness is not specially retained)." *SG Indus., Inc. v. RSM McGladrey, Inc.*, 09-11119, 2011 WL 6090247, at *9 (E.D.Mich. Dec. 7, 2011) (Goldsmith, J.) "A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the

---

[2]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

disclosures must be made (i) at least 90 days before the date set for trial or for the case to be ready for trial[.]" Fed.R.Civ.P. 26(a)(1)(D)(i). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The "potentially sanctioned party has the burden to prove the application of one of these exceptions." *Vaughn v. Homegoods, Inc.*, 07-15085, 2008 WL 4239505, at *3 E.D.Mich. Sept. 11, 2008)(Cleland, J.) (citing *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)). For a failure to be "harmless," the failure generally must be "inadvertent" or "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id.* at *4 (citation omitted). For a failure to be "substantially justified," the failure must be more than the party-requesting-sanctions's own failure to comply with discovery requests when the party-to-be-sanctioned did not follow a scheduling order, when it could have. *Id.* (citation omitted). If a failure is not harmless or substantially justified, then "[Rule 37] requires "absolute compliance with Rule 26(a)[.]" *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

**B.     Analysis**

Defendants request that the Court exclude the testimony of two witnesses: Francis R. Murphy and Dr. Christine Lepoudre. The Court will do so–Plaintiff has failed to conduct his discovery in a timely fashion. And Plaintiff has not persuaded the Court that this failure was harmless or substantially justified, because Plaintiff, if he did not completely disregard the court's scheduling order, then he at least did not feel bound by that order.

**1.     Francis R. Murphy**

Defendants state that Plaintiff did disclose that he would call Francis R. Murphy as an expert. (Defs.' Mot. ¶ 2.) But Defendants add that Plaintiff did not provide disclosures or a report with the witness list. (*Id.*) Defendants state that they approached Plaintiff's counsel about experts in mid-October. (*Id.* ¶ 3.) Defendants maintain that Plaintiff said he would be calling Francis Murphy as an expert on the issue of excessive force and police techniques/tactics/training. (*Id.*) Defendants further maintain that Plaintiff agreed to exchange expert reports and disclosures on November 11, 2011. (*Id.* ¶ 4.) Defendants state that, based upon the agreed upon expert-disclosure exchange date, they noticed Francis Murphy's deposition. (*Id.* ¶ 5.) After noticing the deposition, Defendants allege that Plaintiff "repudiated the agreement" and Defendants were and now are unable to depose Francis Murphy. (*Id.* ¶ 6.) Because Plaintiff prevented Francis Murphy's deposition and has not submitted an expert report, Defendants argue that Plaintiff should be precluded from calling Francis Murphy at trial. (Defs.' Mot. ¶ 9.)

Plaintiff argues he had conditioned the deposition on Defendants providing discovery. He states that "Defendants were aware that the information requested through discovery was essential and, indeed a condition precedent, to the analysis of the expert, Francis Murphy." (Pl.'s Resp. at 1.) Plaintiff additionally argues that, based on Rule 26, the expert reports were not due until 90 days before trial–February 1, 2012, at the earliest. (Pl.'s Resp. at 2.) Defendants counter that Plaintiff's February 1 position is "not consistent with the [scheduling order,] which required that witnesses and experts be disclosed on September 16, 2011, that discovery be completed by November 17, 2011, and that all motions be filed by December 19, 2011. (Defs.' Reply at 2.) Defendants further argue that Plaintiff's position is also not consistent with Judge Cox's practice guidelines, which call for disclosure of all witness, including experts, one to two months before the

4

discovery cutoff. (*Id.*) Plaintiff further argues that he "is eager to submit all expert disclosures due under the federal rules. Plaintiff did not exchange expert reports as contemplated by the parties because Defendants did not answer Plaintiff's written discovery, which was a condition of submitting Murphy's report." (Pl.'s Resp. at 2.)

Defendants are correct that Plaintiff failed to comply with the scheduling order. The scheduling order mandated when the parties were to disclose witnesses and complete discovery. With respect to Francis R. Murphy, although Plaintiff did list him on the witness list, Plaintiff failed to submit the expert report and improperly conditioned Murphy's deposition on receiving untimely sent discovery responses. (*See* Dkt. 51, Transcript of Judge Cox's hearing, finding that Plaintiff improperly conditioned Murphy's deposition on untimely discovery requests to Defendants.) Plaintiff has failed to show that his failure to disclose Murphy's expert report was harmless or substantially justified–no argument for an honest mistake exists in this case–for Plaintiff has disregarded the discovery deadlines. Pursuant to Rule 37, then, the Court finds exclusion of Murphy's testimony appropriate.

### 2. Dr. Lepoudre

Defendants also seek to exclude the testimony of Dr. Christine Lepoudre. Defendants state that Plaintiff's counsel sent Plaintiff to Dr. Lepoudre to have his hearing examined for an "alleged hearing loss that Plaintiff attributes to [the excessive force incident.]" (Defs.' Mot. ¶ 10.) Defendants state that Plaintiff disclosed this examination on October 26, 2011 and provided Dr. Lepoudre's report on October 27, 2011. (*Id.*)

Defendants have submitted Dr. Lepoudre's report as an exhibit. The October 3, 2011 report shows that Dr. Lepoudre addressed it to Plaintiff's counsel's firm, not Plaintiff himself. (Defs.'

Mot., Ex. 5.) In her report, she reviewed Plaintiff's medical history and stated that she performed a physical examination of Plaintiff. (*Id.*) She found that Plaintiff had "mild sensorineural hearing loss in [his] right ear . . . and "no measurable hearing [in the left ear.]" (*Id.*) Dr. Lepoudre wrote a "recommendation:"

> I explained to [Plaintiff] that [his hearing loss] may be associated with trauma; however, he had no other injuries at the time and did not lose his hearing for almost a 4-month period. I would therefore like to obtain an MRI of the brain and internal auditory canal to rule out a CPA angle tumor, as well as a CT of the mastoid, with contract, to rule out temporal bone fracture.

(*Id.*)

Defendants argue that Plaintiff has not listed Dr. Lepoudre on his September 16, 2011 witness list. (Defs.' Mot. ¶ 11.) Defendants state that Plaintiff did submit an amended witness list, adding Dr. Lepoudre, on the last day of discovery, November 17, 2011. (*Id.*) Defendants further state that "Plaintiff has refused to take a position as to whether [Dr. Lepoudre] is a retained expert." (*Id.*)

Defendants argue that the Court should preclude Dr. Lepoudre from testifying about Plaintiff's alleged hearing loss because: she was not listed as a witness in a timely manner; her report does not satisfy Rule 26's requirements; and she does not support the opinion expressed in her report with a reasonable degree of medical certainty that Plaintiff's hearing loss is related to the excessive force incident. (Defs.' Mot. ¶ 12.)

Defendants also argue that the Court should preclude Dr. Lepoudre from testifying about medical professionals who performed imaging, such as CAT scans, CT scans, X-rays, etc., on Plaintiff because those professionals are not on Plaintiff's witness list and the imaging would appear to have been taken after discovery closed. (Defs.' Mot. ¶ 13.)

Defendant argues that, regardless of Dr. Lepoudre's status as either an expert or lay witness, the Court should preclude her testimony because Plaintiff did not timely list her as a witness. (Defs.' Reply at 4.)

Plaintiff admits that it did not list Dr. Lepoudre as a witness until November 17, 2011, the last day of discovery. (Pl.'s Resp. at 3.) Plaintiff argues that he did not list Dr. Lepoudre on the initial witness list because Plaintiff had not yet visited Dr. Lepoudre. (*Id.*) Plaintiff further argues that Dr. Lepoudre is not an expert witness, but a lay one. (Pl.'s Resp. at 3.) Plaintiff maintains that he does not have to make expert disclosures. Plaintiff further maintains that Dr. Lepoudre is a treating physician who is in the position to examine Plaintiff, analyze imaging information, and "offer her professional opinion on whether Plaintiff's hearing loss was caused by blunt force trauma to the head." (*Id.*)

The Court finds that exclusion of Dr. Lepoudre's testimony is proper. Plaintiff, again, has not met his burden to show that his failure to timely list Dr. Lepoudre as a witness was harmless or substantially justified. Plaintiff argues that he did not list Dr. Lepoudre because he had not yet been examined by her. Plaintiff knew of his allegations and conditions before this case started, his argument that simply because he visited a doctor in the middle of discovery, he should be permitted to avoid compliance with the scheduling order is not well-taken. His visit to Dr. Lepoudre was no honest mistake, the visit was a result of dilatory discovery. This fact alone warrants exclusion.

The Court also finds that Dr. Lepoudre's testimony appears, as Defendants argue, to be expert testimony. Plaintiff's counsel appears to have sent Plaintiff to Dr. Lepoudre and her reports show that she was examining Plaintiff to determine whether blunt force trauma from Deputy Hoisington could have caused Plaintiff's hearing loss. The Court finds that Dr. Lepoudre was

7

retained to be an expert, thus she had to comply with Rule 26(a) and provide expert disclosures and report. Because she did not, and discovery has now closed, exclusion of her testimony is appropriate.

The Court also grants Defendants' request to exclude any medical evidence that was taken after the close of discovery.

## III. Defendants' motion for sanctions

Defendants have filed a motion for sanctions for noncompliance with this Court's order granting Defendants' motion to compel responses to Defendants' second set of interrogatories, docket entry 21.

### A. Background

On September 26, 2011 Defendants served their Second Interrogatories on Plaintiff. (Dkt. 44, Joint Statement at 1.) On October 31, 2011 Defendants filed their motion to compel because Plaintiff had not yet responded. (*Id.*) On November 10, 2011 Plaintiff responded to the interrogatories. (*Id.*) "Shortly after receipt of the answer," Defendants notified Plaintiff that they found several of the responses deficient–Plaintiff had not signed the answers and Defendants found several of the answers non-responsive. (*Id.* at 2.) On November 15, 2011 the Court entered an order requiring Plaintiff to respond to the motion and for the parties to file a joint statement. (Dkt. 25.) Plaintiff did not file a response. (Joint Statement at 2.) On November 23, 2011 Plaintiff served Defendant with answers to the interrogatories. (*Id.*)

In the Joint Statement, Defendants describe their problems with Plaintiff's responses. (Joint Statement at 2.) Defendants state that they requested that Plaintiff provide a description of the testimony that each lay witness was going to provide. What Defendants received, they state, was

merely a "very generic description of the <u>topic</u> that each witness [would] testify about, and <u>not a synopsis of their expected testimony,</u> as requested." (*Id.*) (emphasis in original.) They argue that the answers "provide very little useful information that can be used in the defense of this claim." (*Id.*) Defendants argue that the following answer is not responsive to the interrogatories:

> The anticipated testimony of this witness is expected to address the circumstances surrounding the assault and battery that Plaintiff sustained at the hands of Defendant Hoisington and/or the damages incurred, as discussed in Plaintiff's Complaint. The anticipated testimony of this witness is relevant to all counts listed within Plaintiff's Complaint.

(*Id.*) Plaintiff a gave a version of this statement as an answer for each witness.

Plaintiff argues that Defendants requested a "synopsis," and that is what he gave Defendants–"a brief or condensed statement giving a general view of some subject." (*Id.*)

On January 10, 2012 the Court granted Defendants' motion to compel. (See Jan. 10, 2012 Dkt. entry.) The Court ordered Plaintiff to fully respond to Defendants' second set of interrogatories dated September 26, 2011, fully and completely, waiving all objections, on or before January 24, 2012. (*Id.*)

On February 2, 2012 Defendants filed this motion for sanctions for failure to comply with the Court text-only order. (Dkt. 67, Defs.' Mot. for Sanctions.) Defendants state that Plaintiff did not add any further description of the lay witnesses's proposed testimony. (*Id.* at 1.)

Defendants first request that the Court dismiss the case for Plaintiff's failure to comply with the Court's discovery orders. (Defs.' Mot. for Sanctions at 2.) Defendants alternatively request a $500 monetary award for preparing the motion and an order precluding Plaintiff from calling any lay witnesses at trial "until such time as Defendants have been provided with a complete synopsis of their proposed testimony." (*Id.*)

9

Plaintiff continues to argue that he fully complied with the interrogatory requesting a "synopsis" of the lay witness testimony. (Pl.'s Resp. to Defs.' Mot. for Sanctions at 2.)

Despite Plaintiff's argument, the Court granted Defendants' motion to compel. That order, albeit a text order, granted Defendants' motion in full. The Court reviewed the pleadings and the joint statement and agreed with Defendants. The Court finds that Plaintiff's submission of the exact same answers to Defendants' interrogatories is against this Court's order. The Court finds that Plaintiff should have amended his interrogatory answer to comply with Defendants' request, as the Court ordered. The Court therefore finds that sanctions pursuant to Rule 37 to be appropriate. While the Court will not dismiss this case, the Court orders Plaintiff's counsel to pay the $500 to bring this motion, for the dilatory discovery appears to be Plaintiff's counsel's fault, and not Plaintiff's. The Court further orders Plaintiff to amend his responses to Defendants' second interrogatory number one. Plaintiff must include a thorough description of the lay witnesses's proposed testimony. Plaintiff must amend these responses within seven days of this order. Failure to do so within seven days will result in the preclusion of all lay witness testimony at trial.

## IV.    Conclusion

For the above-stated reasons, the Court GRANTS Defendants' motion to strikes Francis R. Murphy and Dr. Christine Lepoudre's testimony–Plaintiff may not use the testimony in motion practice, at a hearing, or at trial. The Court also GRANTS IN PART AND DENIES IN PART Defendants' motion for sanctions–Plaintiff's counsel must pay $500.00 for Defendants' motion to compel.[3] The Court also orders Plaintiff to provide a detailed description of each lay witnesses's

---

[3] The Court finds that two and a half hours is a reasonable amount of time to spend on this motion at $200.00 per hour.

testimony within seven days of this order. If Plaintiff fails to provide such a detailed description within seven days, Plaintiff will be prevented from presenting lay testimony at trial. Defendants' request to dismiss this case is DENIED.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 25, 2012    s/ Mona K. Majzoub
             MONA K. MAJZOUB
             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 25, 2012    s/ Lisa C. Bartlett
             Case Manager