UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RO'KRISTIAN BROADNAX HILL,     CASE NO. 11-10333

       Plaintiff,     HONORABLE ARTHUR J. TARNOW
v.     SENIOR U.S. DISTRICT JUDGE

DEPUTY SHERIFF HOISINGTON,

       Defendant.
_____/

**ORDER ENTERING JUDGMENT ON THE JURY VERDICT; FINDING MOOT PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON THE JURY VERDICT [114], MOTION FOR TAXABLE COSTS [115], AND MOTION FOR JUDGMENT NOT WITHSTANDING THE VERDICT [122]; AND REQUIRING THE FILING OF AMENDED MOTIONS FOR COSTS**

Before the Court are Plaintiff Hill's Motion for Entry of Judgment on the Jury Verdict [114], Motion for Taxable Costs [115], and Motion for Judgment Not Withstanding the Verdict, or in the Alternative, New Trial on Plaintiff's Excessive Force Claim [122].

Plaintiff was held in Oakland County Jail from April 4, 2009 to August 17, 2009, awaiting trial on criminal charges. On August 17, 2009, Plaintiff was acquitted of all criminal charges in Oakland County Court. Rather than immediately releasing Plaintiff from custody, Plaintiff was instead taken back to Oakland County Jail for processing. On the same day, while being held in custody at Oakland County Jail, Plaintiff and Defendant Hosington were involved in a physical altercation.

On January 27, 2011, Plaintiff commenced an action against Defendant in this Court. Plaintiff's Complaint [1] made several claims against Defendant arising from this August 17, 2009 altercation.

A jury trial commenced in this matter on August 27, 2013. Before the jury were Plaintiff's claims of excessive force and battery. On August 30, 2013, the jury entered its verdict finding that Defendant Hosington did not use excessive force, but that Defendant did commit a battery against Plaintiff. The jury then found compensatory damages of $5,000 and punitive damages of $37,500.

In the pleadings now before the Court, the parties dispute whether the jury erred in finding in favor of Defendant as to Plaintiff's excessive force claim. It appears that this dispute is at least in part based on the parties' unsupported assumption that punitive damages are not available for the state law intentional tort of battery, rendering the jury verdict internally inconsistent.

The Court disagrees and now finds the jury verdict's award of punitive damages proper and consistent with the entirety of the jury verdict.

As is the case here, "[w]hen a tort action is brought in federal court []basing liability on state law, the court must apply state law in regard to availability and computation of damages." *Losey v. No. Am. Philips Consumer Elecs. Corp.*, 792 F.2d 58, 62 (6th Cir. 1986); *see also Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal,*

*Inc.*, 492 U.S. 257, 278 (1989). Therefore, Michigan law controls the issue of the availability of punitive damages in this case. In ruling on damages as to a claim of battery, the Michigan Supreme Court held that "an award of exemplary damages is justifiable only where it is first shown that defendant's conduct was malicious, or so willful and wanton as to demonstrate a reckless disregard of the plaintiff's rights." *Bailey v. Graves*, 309 N.W.2d 166, 169 (Mich. 1981); *see also Smith v. Ely*, 683 N.W.2d 145 (Mich. 2004); *Smith v. Wade*, 461 U.S. 30, 46-48 & n.13 (1983).

In the case now before the Court, the jury's instructions as to its finding of punitive damages read:

> If you find that the Defendant is liable for the Plaintiff's injuries, you must award the Plaintiff the compensatory damages that he has proven. You also may award punitive damages, if the Plaintiff has proved that the Defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition. They are awarded to punish a defendant for outrageous conduct and to detour (sic) the Defendant and others from engaging in similar conduct in the future.
>
> If you determine that the Defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the Defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you

3

decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of the defendant in fixing the amount of punitive damages.

These instructions as to punitive damages are clear in requiring malice, willful, or reckless conduct. Given the jury's finding that punitive damages were necessary, based upon these instructions, the Court finds that under Michigan law the jury's award of punitive damages is proper and consistent with the entirety of the jury's verdict.

Separate and apart from this finding, the Court finds it necessary to state that the undisputed facts in this case – in which Plaintiff was acquitted of all criminal charges – support a finding that there was no probable cause to support Plaintiff's continued detention, and that as such, Plaintiff was unlawfully detained following his acquittal. If not explicit, there is certainly an implicit protection against such a seizure. *See Jones v. Cochran*, 1994 U.S. Dist. LEXIS 20625 at *24 (S.D. Fla. Aug. 8, 1994)("[T]he detentions themselves were not constitutionally reasonable as these individuals were acquittees, and there was no asserted reasonably particularized suspicion to detain them in the first place."); *Jones v. Cochran*, 1994 U.S. Dist.

LEXIS 20625 at *17 (S.D. Fla. Aug. 8, 1994)("Without question an individual who has not been charged with or convicted of a crime has a protected liberty interest in remaining free."); *Cannon v. Macon County*, 1 F.3d 1558, 1563 (11th Cir. 1993)("The constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release has been recognized in other circuits as well."). Moreover, to the extent to which such an unlawful detention is prohibited under the Fourth Amendment, any force used against Plaintiff may be excessive. *See Cortez v. McCauley*, 478 F.3d 1108, 1127 & n.23 (10th Cir. 2007). Based upon this lack of probable cause, the proper post-acquittal procedure requires the immediate release of a detainee following an acquittal, allowing for any possible outprocessing to occur without continued or required detention.

Therefore,

**IT IS HEREBY ORDERED** that judgment is entered pursuant to the jury's verdict [111].

**IT IS FURTHER ORDERED** that Plaintiff Hill's Motion for Entry of Judgment on the Jury Verdict [114] is now **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Taxable Costs [115] is now **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment Not Withstanding the Verdict, or in the Alternative, New Trial on Plaintiff's Excessive Force Claim [122] is now **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff submit to the Court amended motions for costs.

**SO ORDERED**.

                                                  s/Arthur J. Tarnow
                                                  ARTHUR J. TARNOW
                                                  SENIOR UNITED STATES DISTRICT JUDGE

DATED: July 1, 2014